IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | \* | |
| Plaintiff, | \* | |
| v. | \* | Civil Action No. RDB-19-2641 |
| **AMILE and PARVANE KORANGY,** | \* | |
| | \* | |
| Defendants. | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

The United States of America brought this action at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States to collect the federal income tax liabilities assessed against two Maryland residents, Defendants Amile and Parvane Korangy ("Defendants"). (*See* Count I, ECF No. 1.) The Government also sought to collect from Amile Korangy ("Mr. Korangy" or "Defendant") the civil penalties assessed against him in connection with unpaid federal employment taxes of his business, Korangy Radiology Associates, P.A. (*See* Count II, ECF No. 1.) On December 15, 2020, the parties filed a joint stipulation of dismissal with respect to Count I. (ECF No. 37.) Now pending before this Court is the Government's Motion for Summary Judgment (ECF No. 36), which seeks judgment in favor of the Government with respect to Count II. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md.

1

2018).  For the reasons that follow, the United States' Motion for Summary Judgment (ECF No. 36) is GRANTED.

## BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).  Mr. Korangy is a medical doctor and was the president and sole owner of Korgany Radiology Associates, P.A.  (ECF No. 1 ¶ 8; Kennedy Decl. ¶ 9, ECF No. 36-2.)  The Government contends that Mr. Korangy is liable for tax penalties assessed against him in connection with unpaid federal employment tax liabilities of Korangy Radiology Associates, P.A.  (ECF No. 1 ¶¶ 8-14.)  According to the Government, Mr. Korangy was responsible for withholding and accounting for, and paying over to the United States, the federal income, social security, and Medicare taxes that were withheld from wages of his employees.  (Kennedy Decl. ¶ 9, ECF No. 36-2.)  The Government alleges that during the taxable periods ending March 31, 2004 through June 30, 2007, Mr. Korangy willfully failed to ensure that the federal income, social security, and Medicare taxes withheld from wages were paid over to the United States in violation of 26 U.S.C. § 6672.  (ECF No. 1 ¶ 9.)  Mr. Korangy filed the earliest of these allegedly deficient employment tax returns on October 4, 2005.  (ECF No. 43-2.)

On May 14, 2008, the IRS issued a Letter 1153 proposing Section 6672 penalties against Mr. Korangy related to these alleged withholding and advising him of his rights to protest the proposed penalty assessments.  (Ex. 2, ECF No. 47-1; Second Kennedy Decl. ¶ 15, ECF No.

47-1.) The Corporate Case History Report for Mr. Korangy's case shows that in response to the letter from the IRS, Mr. Korangy submitted a protest against the proposed penalties on June 18, 2008. (Ex. 1, ECF No. 47-1.) The Report further details that the IRS informed Mr. Korangy that his protest was being transmitted to IRS Appeals, which received the protest the next day. (*Id.*) On July 7, 2009, IRS Appeals rejected the protest. (*Id.*) On August 4, 2009, the IRS officially made its proposed assessments against Mr. Korangy for violation of § 6672, notifying him of the assessments and demanding payment. (*Id.*; ECF No.1 ¶ 12.) Mr. Korangy submitted an offer in compromise on September 21, 2009. (Second Kennedy Decl. ¶ 21, ECF No. 47-1; Ex. 1, ECF No. 36-2.) That offer was rejected on November 2, 2009. (Second Kennedy Decl. ¶ 22, ECF No. 47-1; Ex. 1, ECF No. 36-2.)[1]

As Mr. Korangy has failed, neglected, or refused to pay such assessments, the Government now claims that as of November 30, 2020, Mr. Korangy is indebted to the United States for a total of $2,261,725.22 after application of all abatements, payments, and credits, and the addition of accrued penalties, interest, and fees. (Kennedy Decl. ¶ 14, ECF No. 36-2.) The Government further claims that statutory interest, penalties, and fees will continue to accrue. (*Id.*) Through the presently pending motion, the Government seeks an order declaring that Mr. Korangy is indebted to the United States for the civil penalties under 26 U.S.C. § 6672 (plus interest, penalties, and costs accruing after September 30, 2019). (ECF No. 36.)

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant

---

[1] Counsel for Defendants note that Mr. Korangy is ill and elderly. *See infra* note 2.

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249. In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007).

## ANALYSIS

Section 6672 is intended to serve as a device to recover withholding taxes an employer fails to pay to the government. *See O'Connor v. United States*, 956 F.2d 48, 50-51 (4th Cir. 1992) (citing 26 U.S.C. § 6672). Because the amounts collected or withheld from employees are to be held "in trust for the United States," 28 U.S.C. § 7501, those amounts are called "trust fund" taxes, and the penalty prescribed by section 6672 is called the "trust fund recovery penalty." *U.S. v. Energy Resources, Co., Inc.*, 495 U.S. 545, 546-47 (1990). As articulated by the United States Court of Appeals for the Fourth Circuit in *O'Connor v. United States*, in order for a person to be held liable under § 6672, two requirements must be met: "(1) the party assessed

4

must be a person required to collect, truthfully account for, and pay over the tax, referred to as a "responsible person"; and (2) the responsible person must have willfully failed to insure that the withholding taxes were paid." 956 F.2d 48, 50 (4th Cir. 1992) (citing *United States v. Pomponio*, 635 F.2d 293 (4th Cir. 1980); *Godfrey v. United States*, 748 F.2d 1568 (Fed. Cir. 1984); *Kizzier v. United States*, 598 F.2d 1128 (8th Cir. 1979)). Mr. Korangy challenges the Government's Motion for Summary Judgment in this case, arguing not only that several of the assessments and the filing of this lawsuit were untimely, but also that there remain genuine disputes as to material facts regarding Mr. Korangy's responsibilities and willfulness. (ECF No. 44-1.) However, each argument lacks merit and does not raise any genuine issue of material fact.

First, the assessments made on Mr. Korangy were clearly timely. As a general rule, the Government must make assessments of taxes, including trust fund recovery penalties, within three years of when a return is filed. 26 U.S.C. § 6501. However, § 6672 modifies this general rule. Section 6672 requires that notice of an assessment be made to the taxpayer before the assessment of the penalties, and:

> If notice described in paragraph (1) with respect to any penalty is mailed or delivered in person before the expiration of the [three year period], the [three year period] shall not expire before the later of—
> (A) the date 90 days after the date on which such notice was mailed or delivered in person, or
> (B) if there is a timely protest of the proposed assessment, the date of 30 days after the Secretary makes a final administrative determination with respect to such protest.

26 U.S.C. § 6672(b)(3). Therefore, the time for assessment does not expire until the taxpayer

has an opportunity to protest the proposed penalties, and if he does, the deadline for assessment is thirty days after the IRS makes an administrative determination on the protest. In this case, Mr. Korangy filed the earliest of the disputed tax returns on October 4, 2005. (ECF 43-2.)  He then received notice of the assessments on May 14, 2008, within three years of his October 4, 2005 filing.  (Second Kennedy Decl. ¶ 15, ECF No. 47-1; Ex. 2, ECF No. 47-1.)  On June 18, 2008, Mr. Korangy submitted a protest against the proposed assessments. (Ex. 1, ECF No. 47-1.)  IRS Appeals ultimately rejected that protest on July 7, 2009, (*id.*) which was a "final administrative decision" within the meaning of § 6672, *see Myers v. United States*, 307 F. Supp. 3d 1349, 1355, 1358 (N.D. Ga. 2018).  The Government, therefore, had thirty days from July 7, 2009 to assess penalties against Mr. Korangy, which it did so on August 4, 2009.  (Ex. 1, ECF No. 47-1.)

The Government's suit was also timely.  Generally, the Government has ten years from assessment to seek collection through proceedings in court. 26 U.S.C. § 6502.  However, there is again a modification to the general rule.  If a taxpayer submits an offer in compromise, the ten-year statute of limitations is tolled while the IRS considers such offer.  *See* 26 U.S.C. § 6331(i)(5) and (k)(1).  In this case, the assessments were made upon Mr. Korangy on August 4, 2009.  (ECF No. 43-2.) Mr. Korangy submitted an offer in compromise on September 21, 2009.  (Second Kennedy Decl. ¶ 21, ECF No. 47-1; Ex. 1, ECF No. 36-2.)  That offer was rejected on November 2, 2009.  (Second Kennedy Decl. ¶ 22, ECF No. 47-1; Ex. 1, ECF No. 36-2.)  The statute of limitations period was, therefore, tolled for the 42-day period between

Mr. Korangy's offer and its rejection. The Government's suit was filed on September 11, 2019, four days before the September 15, 2019 deadline. (ECF No. 1.)

Finally, there remains no genuine dispute of material fact with respect to Mr. Korangy's responsibilities and willfulness. A tax assessment, once it is shown to have been made by the Government, is entitled to a presumption of correctness. *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court.") This presumption not only applies to the amount of the assessment "but requires that the taxpayer demonstrate that he was not a responsible person or that his failure to pay the taxes was not willful." *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). This principal applies to assessments for trust fund recovery penalties by the IRS under § 6672. *Id.; see also Marcello v. United States*, RDB-08-2796, 2010 WL 1759569, at *3 (D. Md. May 3, 2010) ("in the context of § 6672, an IRS determination of tax liability is presumptively correct and the burden is placed on the taxpayer to establish that the IRS's determination was erroneous").

The effect of this presumption is that the Government may establish a prima facie case for tax liability by showing it has made assessments against the defendant. *Pomponio*, 635 F.2d at 296 (citing *Psaty v. United States*, 442 F.2d 1154 (3d Cir. 1971)). Once assessment is established, the burden shifts to the taxpayer to come forward with credible evidence showing that assessment is erroneous. *See United States v. Janis*, 428 U.S. 433, 440 (1976); *Pomponio*, 635 F.2d at 296. Applying this burden shifting framework, Magistrate Judge J. Mark Coulson of

this Court granted in part and denied in part the Government's motion for summary judgment in *United States v. Akins*, JMC-16-00084, 2018 WL 2045546, at *2 (D. Md. May 2, 2018). Judge Coulson granted the motion with respect to federal income tax assessments made against the defendants: the Government had supported its motion with sworn affidavits from its agents involved in the assessments as well as sworn deposition testimony from the defendant's accountant, which shifted the burden to the defendant to refute the government's position. *Id.* Because the defendant "neither offer[ed] evidence that the assessments [were] incorrect nor evidence of what he contend[ed] the correct amount should be," Judge Coulson granted the motion. *Id.* With respect to the Government's assessment of trust fund recovery penalties, however, Judge Coulson denied the Government's motion, stating that although the Government had "gathered significant evidence supporting its argument," the defendant did present at least some contradictory evidence with respect to whether the defendant was in fact a responsible person. *Id.*

In this case, Mr. Korangy contends that the Government failed to assert facts to support its assertions that he was a responsible person and withheld the disputed funds with the required willfulness under § 6672. (ECF No. 44-1.) He does not, however, assert any facts or provide any evidence to dispute the Government's assertions or the amount of the assessments made against him. Given the Government has provided sworn declarations from the IRS Revenue Officer Erin Kennedy, the officer tasked with making the assessments against Mr. Korangy, as well as documentation of the assessments and all other matters related to his case, the presumption applies and the burden was on Mr. Korangy to provide evidence to

8

dispute the assessments in this case. Mr. Korangy failed to do so.[2] As he has offered no evidence that the assessments were incorrect, there is no genuine dispute as to material facts remaining in this case.

## CONCLUSION

For the reasons stated above, United States' Motion for Summary Judgment (ECF No. 36) is GRANTED.

A separate Order follows.

Dated: February 24, 2021

                                                                                    /s/
                                                            Richard D. Bennett
                                                            United States District Judge

---

[2] Mr. Korangy's counsel notes in its Opposition that Mr. Korangy is elderly and has been ill during the pendency of this case. (ECF No. 44-1). Counsel asserts he has been unable to participate in his defense. (*Id.*) In a Status Report filed with this Court on November 2, 2020, the parties agreed that if the Defendants opposed the Government's Motion for Summary Judgment on the basis that "facts are unavailable" due to Mr. Korangy's condition, they would file a motion for appointment at the same time they filed their Opposition. (ECF No. 33.) No such filing was made.